# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
**FILED**

DEC 19 2019

**David J. Bradley, Clerk of Court**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No. B-19-1309-MJ
Samsung Cellular Telephone )
seized from )
███████████, Harlingen, Texas 78550 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Samsung cellular telephone seized from the personal property of ARR at ███████████, Harlingen, TX 78550

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324(a)(1)(A)(iii) | Transportation, Harboring, Shields from Detection and Financial Gain; knowingly |
| 18 USC 2422(b) | persuades or entices any individual who has not attained the age of 18 years, using any means of interstate/foreign commerce to engage in sexual activity |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.
☐ ~~Delayed notice of~~ _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jessica Byrne, HSI/SA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Dec 19, 2019

_____
*Judge's signature*

City and state: Brownsville, Texas

Ronald G. Morgan; U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT "B"

### Particular Things to Be Seized

1. The following are the items in electronic or digital form in a variety of file formats to be seized from the white Samsung cellular phone seized from the personal property of ARR at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Harlingen, Texas 78550 as they constitute fruits, evidence and instrumentalities of violations of 8 U.S.C. § 1324 and 18 U.S.C. §2422.

   a. all records and communications that relate to, further in any way, or constitute evidence of violations of the above listed statutes, including call records, text messages, pictures, video recordings, audio recordings, address book information, internet records, emails, notes, documents, bookmarks, applications histories, and any recoverable deleted data named above;

   b. books, records, notes, receipts, ledgers, invoices, contracts, bank statements and records, money drafts, money orders and cashier checks, passbooks, bank checks, diaries, disbursement journals, letters of credit, automobile titles, bills of sale, lien information, and other items evidencing the obtaining secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer concealment and/or expenditure of money.

   c. Papers, tickets, notes, schedules, and other items relating to intrastate, interstate or foreign travel.

   d. All financial statements and insurance records

   e. Addresses and/or telephone books and papers reflecting names, addresses and or telephone numbers.

   f. All records related to money transfers, including amounts, dates, places, names, addresses, or any other identifying information;

   h. Records of United States currency and financial instruments including all bank records, checks, credit card bills, account information, and other financial records, including but not limited to cashier's checks and money orders.

i.  Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

2.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3.  The Device is physically located at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Harlingen, Texas 78550.



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

IN THE MATTER OF THE SEARCH OF:

Samsung Cellular Telephone Seized from ▆▆▆▆▆▆▆▆▆▆, Harlingen, Texas 78550

AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jessica A. Byrne, being duly sworn, depose and say that:

1. I am a Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been a Special Agent since December 2008, and I am currently assigned to Brownsville, Texas. I graduated from the Criminal Investigators Training Program (CITP) and Immigration and Customs Enforcement Special Agent Training (ICESAT) programs at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA.

2. As part of my official duties as an HSI Special Agent, I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes.

3. This Affidavit is being submitted in support of an Application for a Search and Seizure Warrant for a Samsung cellular telephone seized from ▆▆▆▆▆▆▆▆▆▆ Harlingen, Texas 78550. The search is for evidence of violations of Title 8, United States Code, Section 1324, entitled "Bringing in and harboring certain aliens" and Title 18, United States Code, Section 2422, entitled "Coercion and enticement".

4. Based upon the information summarized in this application, I have reason to believe that evidence of such violations is located within the Samsung cellular telephone.

5. This affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant for the Device. As such, not all facts known to me or other agents concerning this investigation have been included. This affidavit was approved for filing by an Assistant U.S. Attorney.

## DETAILS OF THE INVESTIGATION

6. On November 13, 2019, a U.S. Border Patrol Agent (BPA) encountered ARR, who identified himself as being a minor child approximately 16 years of age, in the Rio Grande Valley, Texas Border Patrol Sector. The BPA determined the minor male subject had unlawfully entered the United States from Mexico, at the time and place other than designated by the Secretary of the Department of Homeland Security of the United States. After determining that the subject was an alien whom illegally entered the United States, the subject was arrested and transported to the Texas Border Patrol Station for further processing using the E3/IDENT and IAFIS Systems.

7. At the Texas Border Patrol Station, ARR was advised of his administrative rights in the removal proceedings. ARR acknowledged that he understood these rights. At that time, ARR claimed to be a citizen and national of El Salvador, without the necessary legal documents to enter, pass through, or to remain in the United States. ARR also admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry.

8. ARR (DOB▊▊▊/2003) stated his mother, Jijaira Ramirez, had made arrangements with an unknown smuggler and was supposed to send the funds ARR would need for his travel. ARR's final destination was Atlanta, Georgia, where he was to stay with a family friend named Juan VIOLANTES, whom he believed to be a government employee. Border Patrol agents contacted VIOLANTES at telephone number ▊▊▊▊▊▊▊ and VIOLANTES claimed he would be renting a room for ARR.

9. On November 27, 2019, ARR was interviewed by HSI Forensic Interview Specialist (FIS) Jesse Gonzalez in the Spanish language. During the interview, ARR provided a different variation of events than what he had initially told Border Patrol agents.

10. ARR told FIS Gonzalez he began having discussions via Facebook Messenger with a known smuggling guide who utilized the Facebook profile "ANGEL AYALA" around February or March 2019. ARR stated "ANGEL AYALA" was the brother to Santiago Ayala, the godfather of ARR's older brother, Mario. "ANGEL AYALA" told ARR the initial cost would be $4,500 U.S. dollars (USD), and then an additional $9,500 USD once in the U.S.

11. ARR discussed his intention of being smuggled into the U.S. with his father, Mario Antonio Rivas, who agreed to pay "ANGEL AYALA". ARR stated his father earns $400 USD a month, but was able to secure a loan for $14,000 USD. On or about October 20, 2019, ARR was driven to the meeting location and observed his father pay "ANGEL AYALA".

12. ARR's final destination was Atlanta, Georgia, where he would stay with a family friend named Juan VIOLANTES. ARR stated he was allowed to keep his phone throughout his journey from El Salvador to the U.S., and would take selfies and talk to VIOLANTES through the application WhatsApp. ARR told FIS Gonzalez that his conversations with VIOLANTES included discussing sexual orientation and role preference in a relationship. ARR stated VIOLANTES was aware he was 16 years old.

13. ARR described his phone as a white Samsung prepaid cellular telephone, and stated it was being held within his personal property where he was being housed, located at ███████████████, Harlingen, Texas. ARR stated he does not have access to the phone.

## ELECTRONIC DEVICES AND STORAGE

14. As described herein and in Attachment B, this application seeks permission to search and seize things that the Device might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. Searching for the evidence described in Attachment B may require a range of data-analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully-targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment B, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, agents

intend to use whatever data-analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## CONCLUSION

16. Based on the foregoing, probable cause exists to believe that the information associated with ARR's Samsung Cellular Telephone seized from ███████████████0, Harlingen, Texas 78550 contains evidence of violations of 8 U.S.C. § 1324 and 18 U.S.C. § 2422. This is because its owner admitted to messaging his smuggler, ANGEL AYALA, via Facebook, as well as conducting text message conversations with JUAN VIOLANTES, whom ARR admitted was planning to harbor him upon his arrival in Atlanta, GA, that were sexual in nature. Therefore, your Affiant respectfully requests that the Court issue a warrant for the search of the Samsung Cellular Telephone described in Attachment B.

Jessica Byrne
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this __19th__ day of December 2019.

UNITED STATES MAGISTRATE JUDGE